FILED
U.S. DISTRICT COURT

2008 MAR -4 A 11: 57

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| MICHAEL B. MAIN, <br><br> Plaintiff, <br><br> v. <br><br> USA GOVERNMENT et al., <br><br> Defendants. | Case No. 2:06-CV-912 DS <br><br><br> **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT; GRANTING LEAVE TO AMEND** |

Plaintiff, Michael B. Main, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. See 42 U.S.C.S. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). See 28 id. 1915. This case is now before the Court for screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." <u>Perkins v. Kan. Dep't of Corr.</u>, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. <u>Id.</u> However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Id.</u> While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." <u>Id.</u>

## II.  Sufficiency of Plaintiff's Pleadings

Plaintiff original Complaint, filed October 5, 2006, identifies the "USA Government" as the only named defendant. The Complaint asserts claims for illegal arrest, wrongful imprisonment, slander and defamation based on Plaintiff's failed prosecution under the RICO statutes. The essence of Plaintiff's allegations appears to be that he was falsely indicted and jailed on RICO charges for twenty months and that the charges were

ultimately dismissed for lack of evidence. Plaintiff also asserts an equal protection claim in which he alleges being denied discovery from the RICO prosecution.[1] The Complaint seeks compensatory and punitive damages, unspecified declaratory relief and attorney's fees.

On February 22, 2007, the Court received a letter from Plaintiff apparently attempting to clarify the nature of his claims. The letter identifies several individuals connected with Plaintiff's criminal prosecution, including: "Mrs. Lee Dikson - prosecutor," "Mr. Lund - prosecutor," "Mr. Wichmen -joint task-Fed. Gang-DOC," "Mr. Don Scholtz - FBI Investigator," and "Mr. Eric Varos - DOC investigator." Due to its informal nature the letter was not initially construed as an official pleading, however, on April 11, 2007, the letter was docketed as an Amended Complaint and the individuals identified therein were added as defendants.

The Court now turns to the sufficiency of Plaintiff's pleadings. While the Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.

---

[1] It is not clear on what theory Plaintiff asserts a right to the discovery in question or how withholding the discovery amounts to a denial of equal protection.

Civ. P. 8(a), this rule has been construed to require that the complaint include sufficient detail to give the defendants fair notice of the grounds upon which the plaintiff's claims rest. *Conley v. Gibson*, 355 U.S. 41, 77, 78 S. Ct. 99, 103 (1957). "This requires a pro se plaintiff to allege sufficient facts in the complaint which, if true, would entitle the plaintiff to the requested relief." *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Although every fact need not be described in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

Pro se litigants are not excused from compliance with this minimal pleading requirement. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1109. Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Applying the above standard the Court finds that Plaintiff's

4

Complaint fails to satisfy even the minimal pleading requirement of Rule 8. Simply put, a defendant faced with Plaintiff's pleadings would not have fair notice of the grounds on which Plaintiff's claims are based. Even accepting Plaintiff's letter as an amendment to the Complaint it does not clearly state what each defendant allegedly did that violated Plaintiff's rights. Although the letter provides some additional background regarding the circumstances surrounding Plaintiff's criminal prosecution none of the named defendants are mentioned anywhere in this narrative. Finally, from a practical perspective the disorganized, hand-written letter is so difficult to decipher that a proper response thereto would be virtually impossible.

Accordingly, the Court finds that Plaintiff's Complaint and Amended Complaint must be dismissed for failure to state a claim on which relief can be granted. Given his pro se status, however, Plaintiff must be afforded an opportunity to properly amend his complaint. The Clerk's Office is directed to mail Plaintiff a Civil Rights Complaint Guide and Pro Se Litigant Guide. Plaintiff is directed to thoroughly review these documents before amending his complaint.[2] Failure to do so may result in this case being dismissed in its entirety.

---

[2] An amended complaint typically supercedes the original and should not rely on information found in previous pleadings.

### III. Pending Motions

Plaintiff has filed a number of motions in this case including multiple discovery related motions, a motion for service of process, a motion for legal materials, and a motion to add the Utah Department of Corrections as a defendant. Based on the dismissal of Plaintiff's Complaint none of these motions are appropriate at this time. Discovery motions are not proper until after a viable complaint has been served on defendants and an answer has been filed. If Plaintiff lacks the names of specific individuals to be included as defendants he may simply list them as "John/Jane Doe ##" until their true identities can be ascertained through discovery. However, Plaintiff must include specific allegations for each "John/Jane Doe," by number, linking them to a violation of Plaintiff's rights. As for Plaintiff's request for legal materials, the guides provided by the Clerk's Office include all the forms and information necessary to allow Plaintiff to proceed at this point. Finally, Plaintiff may include the Utah Department of Corrections as a defendant in his amended complaint only if he alleges specific facts linking the department to a violation of Plaintiff's civil rights.

Accordingly, each of Plaintiff's pending motions are denied at this time. Plaintiff may renew these motions at a later date if appropriate.

**ORDER**

Based on the forgoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint and Amended Complaint are **dismissed** without prejudice for failure to state a claim on which relief can be granted, see 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 2007);

(2) all pending motions filed by Plaintiff are denied at this time;

(3) the Clerk's office shall mail Plaintiff a Civil Rights Complaint Guide and Pro Se Litigant Guide; and,

(4) Plaintiff may file a Second Amended Complaint in accordance within this order within **thirty days**, failure to do so will result in this case being dismissed in its entirety.

DATED this 4th day of March, 2008.

BY THE COURT:

*David Sam*
David Sam
United States District Judge